Melissa E. Flax, Esq.
Michael Cross, Esq.
CARELLA BYRNE CECCHI OLSTEIN
BRODY & AGNELLO, PC
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700
mflax@carellabyrne.com
mcross@carellabyrne.com

*Attorneys for Defendant*
*Sagent Pharmaceuticals, Inc.*

Stephen R. Auten, Esq.
Brian P. Murray, Esq.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Dr., Suite 2800
Chicago, IL 60601
312-527-4000
sauten@taftlaw.com
bmurray@taftlaw.com

*Attorneys for Defendant*
*Sagent Pharmaceuticals, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HELSINN HEALTHCARE S.A, <br><br> Plaintiff, <br><br> v. <br><br> SAGENT PHARMACEUTICALS, INC., <br><br> Defendant. | CA. No. 2-16-cv-00173 SRC-CLW <br><br> **Filed Under Seal** |

## SUPPLEMENTAL BRIEF IN SUPPORT OF SAGENT'S MOTION TO <u>ENFORCE SETTLEMENT AGREEMENT</u>

**Table of Contents**

I.     INTRODUCTION ............................................................................................. 1

II.    STATEMENT OF FACTS ............................................................................... 3

    A.    Helsinn Sues Sagent, Among Others, For Patent Infringement on
        ALOXI® (palonosetron HCl injection) ................................................. 3

    B.    Sagent and Helsinn Settled the Litigations ............................................. 4

    C.    Teva Launches the First Generic ALOXI® At-Risk .............................. 6

    D.    Dr. Reddy's and Sandoz Settled Litigations with Helsinn ...................... 8

    E.    The Dismissal Orders Against Dr. Reddy's and Sandoz Enjoined Their
        Launches Absent Helsinn's Permission, █████████████████████
        ████████ ................................................................................... 11

    F.    Sagent Requested Helsinn ████████████████████ ................ 13

    G.    Sagent Faces Irreparable Harm █████████████████████████
        ████ ...................................................................................... 14

III.   LEGAL STANDARD ..................................................................................... 16

    A.    This Court Has Authority to Enforce Settlement Agreement ............... 16

    B.    State Contract Law Governs the Interpretation of the Settlement
        Agreement ............................................................................................. 16

    C.    Requirements for Finding an Enforceable Agreement ......................... 17

IV.    ARGUMENT .................................................................................................. 18

    A.    ████████████ Dr. Reddy's and Sandoz's Launches of Generic
        ALOXI® .............................................................................................. 18

    B.    Dr. Reddy's and Sandoz's Launches ████████████████ ......... 22

    C.    Sagent will Suffer Irreparable Harm ██████████████████
        ███████████████████ ......................................................... 23

        1.    ██████████████████████████████ ......... 23

        2.    The Sagent Settlement ██████████████████ ........... 25

V.     CONCLUSION ............................................................................................... 25

## Table of Authorities

**Cases**

*ALA, Inc. v. CCAIR, Inc.*,
　29 F.3d 855 (3d Cir.1994) ..................................................................................... 17

*Amatuzzo v. Kozmiuk,*
　*305 N.J.Super*. 469, 703 A.2d 9 (App.Div.1997) .................................................... 17

*Berry v. Epps*,
　506 F.3d 402 (5th Cir. 2007) ................................................................................... 8

*Burke v. Donlon*,
　No. A-3802-15T2, 2017 WL 3443103 (N.J. Super. Ct. App. Div. Aug. 11, 2017) ................ 20

*Canon Fin. Servs., Inc. v. Linwood City Bd. of Educ.*,
　No. A-0556-15T3, 2017 WL 2535894 (N.J. Super. Ct. App. Div. June 12, 2017) .................. 20

*Coltec Industries v. Hobgood*,
　280 F.3d 262 (3d Cir. 2002) ................................................................................... 17

*Fazio v. Temp. Excellence, Inc.*,
　Civ. A. No. A-5441-08T3, 2012 WL 300634
　(N.J. Super. Ct. App. Div. Feb. 2, 2012) .................................................................. 17

*Friedman v. Bank of Am., N.A.,*
　Civ. A. No. 09-2214 JBS, 2012 WL 1019220
　(D. N.J. Mar. 26, 2012) ................................................................................... 18, 21

*Garcia v. Attorney Gen. of U.S.*,
　553 F.3d 724 (3d Cir. 2009) ..................................................................................... 7

*Halderman v. Pennhurst State School & Hosp.*,
　901 F.2d 311 (3d Cir. 1990) ................................................................................... 16

*Helsinn Healthcare S.A. v. Teva Pharmaceuticals USA, Inc.,*
　855 F. 3d 1356 (Fed. Cir. 2017),
　*cert. granted,* 2018 WL 1142984 (U.S. June 25, 2018) ............................................. 7

*Honeywell v. Bubb*,
　130 N.J. Super. 130 (App. Div. 1974) ..................................................................... 16

*In re Columbia Gas Sys. Inc.*,
　50 F.3d 233 (3d Cir. 1995) ............................................................................... 16, 17

*In re Dwek*,
  Civ. A. No. ADV 07-1616 KCF, 2011 WL 843635
  (D. N.J. Mar. 8, 2011).................................................................................. 18

*Kelly v. Greer*,
  365 F.2d 669 (3d Cir. 1966) ....................................................................... 16

*Mova Pharm. Corp. v. Shalala*,
  955 F. Supp. 128 (D. D.C. 1997), *aff'd*, 140 F.3d 1060 (D.C. Cir. 1998) ................................ 23

*Nebraskaland, Inc. v. River St. Idealease, LLC*,
  188 F. Supp. 3d 390 (D.N.J. 2016) ............................................................. 20

*Nolan v. Lee Ho*,
  120 N.J. 465 (1990) .................................................................................... 16

*Philadelphia Reinsurance Corp. v. Employers Ins. of Wausau*,
  61 Fed. Appx. 816 (3d Cir. 2003)................................................................ 17

*Robert & Richard Assocs. v. State*,
  495 A.2d 141 (N.J. Super. Ct. App. Div. 1985) ................................... 19, 21

*Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*,
  Civ. A. No. 07-2762, 2009 WL 3230867
  (D. N.J. Oct. 2, 2009).................................................................................. 17

*Synnex Corp. v. ADT Sec. Servs., Inc.*,
  928 A.2d 37 (N.J. Super. Ct. App. Div. 2007) .................................... 19, 21

*Thorner v. Sony Computer Entm't Am. LLC*,
  Civ. A. No. 09-1894 MLC, 2013 WL 1145200 (D. N.J. Mar. 18, 2013) ................................ 17

*United States v. Luna-Barragan*,
  710 F. App'x 639 (5th Cir. 2018)................................................................. 8

*Valmed Mgmt. Corp. v. Jess Med. Sys.*,
  Civ. A. No. A-2947-05T1, 2007 WL 148752
  (N.J. Super. Ct. App. Div. Jan. 23, 2007)............................................ 18, 21, 22

*Wang Labs., Inc. v. Mitsubishi Electronics Am., Inc.*,
  103 F.3d 1571 (Fed. Cir. 1997) .................................................................. 21

*Yong v. I.N.S.*,
  208 F.3d 1116 (9th Cir. 2000) ...................................................................... 8

**Statutes**
21 U.S.C. § 355(j)(5)(B)(iv)(II)(bb) ............................................................... 6

21 U.S.C. § 355(j)(5)(B)(iv)(II)(dd) ............................................................................................... 3

## I.   INTRODUCTION

Pursuant to the Court's Orders (D.I. 50, 61, 66 and 68)[1] Sagent Pharmaceuticals, Inc. ("Sagent") respectfully moves to enforce its Settlement and License Agreement ("Sagent Settlement") with Helsinn Healthcare S.A. ("Helsinn") ███████████████████████████████ ███████████████████████████[2]

This case, like the Dr. Reddy's Laboratories ("Dr. Reddy's"), and Sandoz, Inc. ("Sandoz") cases, concerns generic versions of Helsinn's branded product ALOXI® injection, which has palonosetron hydrochloride as the active ingredient.  Like Sagent, Dr. Reddy's and Sandoz both settled their respective patent infringement litigations with Helsinn. ████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████████

---

[1] Helsinn also sued Sagent for infringement in Civ. A. No. 3-16-cv-00681 SRC-CLW. Although the Orders (D.I. 50, 61, 66) are published in the present case, the relief requested herein by Sagent is equally applicable to Civ. A. No. 3-16-cv-00681 SRC-CLW.

[2] Sagent filed a motion to reopen the case and for an order to show cause on May 11, 2018.  (D.I. 46-47).  The Court granted the motion to reopen the case, denied the motion for an order to show cause but invited Sagent to file a motion to enforce the agreement.  (D.I. 50).  Sagent filed its motion to enforce its settlement agreement and compel production of Helsinn's settlement agreements with Dr. Reddy's and Sandoz on May 23, 2018. (D. I. 51-52).  After bifurcating the issues (D.I. 61), the Court compelled Helsinn to produce the agreements (D.I. 66) and Helsinn complied.  Per Court Order (D.I. 68), Sagent's submits this brief that supplements its arguments after review of Helsinn's agreements with Dr. Reddy's and Sandoz and withdraws all arguments pertaining to compelling production of the agreements as moot. To facilitate the Court's efficient consideration of this matter, Sagent's present brief supersedes all prior briefs (including D.I. 52).

Sandoz and Dr. Reddy's, together with Teva Pharmaceuticals USA, Inc. ("Teva"), were the first ANDA sponsors to challenge at least one *Orange Book* patent listed for ALOXI®, and thus share the 180-day exclusivity. Teva was the first to trigger that exclusivity, launching its generic ALOXI® "at-risk" (*i.e.*, without a settlement agreement with Helsinn) on March 23, 2018. Dr. Reddy's launched on March 26th and Sandoz a few days later on April 2nd.

Helsinn has steadfastly tried to protect its market for ALOXI®, filing infringement actions against at least fifteen other ANDA sponsors in addition to Teva, Dr. Reddy's, Sandoz, and Sagent. Helsinn also tried to enjoin Teva's launch, but that attempt was denied. As detailed below, Helsinn has not sought to remove Dr. Reddy's or Sandoz from the market because ███████████ ████████████████████████████████████████████████████████████████████████

████████████████████████████[3]

Importantly, Sagent Settlement ███████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Helsinn disagrees with Sagent's interpretation, and we thus seek the Court's assistance in enforcing the Sagent Settlement.

---

[3] ██████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ Ex. 11, Civ. A. No. 2-11-cv-03962 (D.I. 247), Order dated Dec. 30, 2014 at pp. 3-4 (Sandoz); Ex. 15, Civ. A. No. 2-11-cv-03962 (D.I. 355), at Stipulation of Dismissal Order dated Oct. 16, 2015 at p. 2 (Dr. Reddy's).

## II.     STATEMENT OF FACTS

### A.     Helsinn Sues Sagent, Among Others, For Patent Infringement on ALOXI® (palonosetron HCl injection)

Helsinn owns New Drug Application ("NDA") No. 021372, which is directed to palonosetron hydrochloride injection and which Helsinn markets in the United States under the ALOXI® trade name.  In connection with its NDA, Helsinn listed several patents with the U.S. Food & Drug Administration ("FDA") for publication in *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is commonly known as the "Orange Book."  Such patents included those asserted in the instant cases, namely U.S. Patent Nos. 7,947,724; 7,947,725; 7,960,424; 8,598,219; and 8,729,094 (collectively, "the Asserted Patents").

On January 11, 2016, Helsinn filed the first action against Sagent (Civ. A. No. 16-173), after receiving notification that Sagent's Abbreviated New Drug Application ("ANDA") No. 205870, which referenced Helsinn's NDA, contained a so-called Paragraph IV Certification to each of the Asserted Patents.  Helsinn filed a second complaint on February 8, 2016 (Civ. A. No. 16-681) (collectively, "the Litigations"), after receiving a similar notification as to Sagent's ANDA No. 204289. ████████████████████████ ███████████████████████████████████████████████████ Both ANDAs are directed to the dosage strength of Eq. 0.25 mg/base 5 mL (Eq. 0.05 mg base/mL).

Importantly, both ANDAs have received tentative approval from FDA, meaning that the drug products described in the applications are ready for final market approval but for a blocking exclusivity.[4]  21 U.S.C. § 355(j)(5)(B)(iv)(II)(dd); *see also* 21 C.F.R. 314.3(b).  That exclusivity

---

[4] ANDA No. 204289 obtained tentative approval on August 7, 2017, and ANDA No. 205870 obtained tentative approval on April 20, 2018.  *See* Exs. 1 and 2.  The Exhibit Nos. correspond to the exhibits listed in the Declaration of Roshan P. Shrestha, Ph.D. submitted to the Court on May 23, 2018 (D.I. 51-1).

is the 180-day market exclusivity, which is granted to the first ANDA sponsors to file an application with a Paragraph IV Certification to a patent listed in the Orange Book for the reference listed drug.  21 U.S.C. § 355(j)(5)(B)(iv); *see also* 21 C.F.R. 314.3(b).

Here, that exclusivity is shared by Teva, Dr. Reddy's, and Sandoz, all of which have launched their respective generic ALOXI® products in the same dosage strength as Sagent's ANDAs, thus triggering the 180-day exclusivity.  No other ANDA sponsor, including Sagent, will be granted final FDA approval until that exclusivity is exhausted.  That exclusivity expires on September 19, 2018, ███████████████████████████████████████

**B.    Sagent and Helsinn Settled the Litigations**

On █████████████ Helsinn and Sagent signed the Sagent Settlement, resolving the Litigations between them. ██████████ Accordingly, both actions were dismissed on August 2, 2016 (Ex. 4, D.I. 39 for Civ. A. No. 16-173, and Ex. 5, D.I. 27 for Civ. A. No. 16-681) pursuant to a Consent Judgment and Dismissal that was substantially the same in both Litigations, referencing the Sagent Settlement and noting that the "court retains jurisdiction over Helsinn and Sagent for purposes of enforcing this Consent Judgment and Dismissal Order."  ("Sagent Dismissal Orders"): ██████████████████████████████████ specifying the terms of the consent judgment and dismissal order.

Under the terms of the Sagent Settlement, ████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ ████████████████

███ ███████████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

---

[5] Another such circumstance is where ████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

5

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

### C.     Teva Launches the First Generic ALOXI® At-Risk

Before Sagent, Teva also had filed an ANDA referencing Helsinn's NDA for ALOXI® and, over time, with a Paragraph IV Certification to each of the Asserted Patents.[6,7]   As noted above, Teva along with Dr. Reddy's and Sandoz were the first ANDA sponsors for generic ALOXI®, entitling them to share the 180-day exclusivity.  Teva's ANDA No. 090713 received

---

[6] Teva's ANDA (like Sandoz's and Dr. Reddy's) was filed on May 27, 2011.  *See* Ex. 8 (FDA's list of first applicants, noting the filing date relevant to ALOXI®).  As Teva, Dr. Reddy's, and Sandoz share the 180-day exclusivity, it necessarily follows that all three filed their ANDAs on this date. 21 U.S.C. § 355(j)(5)(B)(iv)(II)(bb).  Accordingly, Helsinn's first lawsuit against generic ALOXI® sponsors was against Teva, Dr. Reddy's, and Sandoz.  *See Helsinn Healthcare S.A. v. Dr. Reddy's Laboratories, Ltd.*, Civ. A. No. 3:11-cv-03962 (D. N.J. filed July 8, 2011) (asserting the '724 and '725 patents).

[7] When Teva's, Dr. Reddy's, and Sandoz's ANDAs were filed, the *Orange Book* listed only the '724 and '725 patents.  The remaining Asserted Patents were listed later, requiring the ANDA sponsors to file Paragraph IV Certification to each of those patents to secure final FDA approval before patent expiration.   When Helsinn was notified of those certifications, it filed suit accordingly.   These details are not needed for the instant motion but are provided to ensure an accurate recitation of facts.  *See, e.g., Helsinn Healthcare S.A. v. Dr. Reddy's Laboratories, Ltd.,* Civ. A. No. 3:11-cv-05579 (D. N.J. filed Sep. 23, 2011) (asserting the '424 patent against all three first applicants); *Helsinn et al. v. Dr. Reddy's et al.*, Civ. A. No. 3:13-cv- 05815, D.I. 27 (D. N.J. filed Sep. 30, 2013) (asserting the '219 patent against all three first applicants); *Helsinn et al. v. Dr. Reddy's et al.*, Civ. A. No. 2:14-cv-04274, D.I. 1 (D. N.J. filed Jul. 7, 2014) (asserting the '094 patent against Teva and Dr. Reddy's but not Sandoz).

final FDA approval on March 23, 2018, and Teva launched the same day.  *See* Ex. 9, Teva's Press Release dated March 23, 2018 at p. 4 (noting the shared exclusivity).  This Court denied Helsinn's request for a preliminary injunction to stop Teva's launch.  Ex. 10, Civ. A. No. 14-4274, D.I. 89 (D. N.J. Jan. 30, 2018).  To date, Sagent is not aware of any settlement agreement between Helsinn and Teva, thus making Teva's launch "at-risk" for patent damages.

As the Court will recall from the injunction proceedings, the Court of Appeals for the Federal Circuit held invalid the asserted claims of four of the Asserted Patents (all but the '094 patent), on which Helsinn filed a petition for a writ of certiorari as to only the '219 patent (and leaving undisturbed the holding as to other three patents).[8]  *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 355 F.3d 1356 (Fed. Cir. 2017); *see also Helsinn Healthcare S.A. v. Teva Pharmaceuticals USA, Inc.* 855 F. 3d 1356 (Fed. Cir. 2017), *cert. granted,* 2018 WL 1142984 (U.S. June 25, 2018) (No. 17-1229).  On June 25, 2018, the U.S. Supreme Court granted certiorari. Despite that development, the four patents remain invalid until the U.S. Supreme Court issues an *opinion* that reverses or vacates the judgment of the Federal Circuit.  *Garcia v. Attorney Gen. of U.S.*, 553 F.3d 724, 727 (3d Cir. 2009) ("[w]e are bound by precedential opinions of our Court unless they have been reversed by an en banc proceeding or have been adversely affected by an *opinion* of the Supreme Court") (emphasis added); *see also United States v. Luna-Barragan*, 710

---

[8] Brief for Petitioner, *Helsinn Healthcare S.A. v. Teva Pharmaceuticals USA, Inc.*, No. 17-1229, 2018 WL 1168243, at *10 fn 2 (U.S. Feb. 28, 2018).   As for the '094 patent, Helsinn continues to assert that patent against Teva.  *See* Civ. A. No. 3:14-cv-06341 (D. N.J. filed Oct. 13, 2014) now consolidated with 2:14-cv-04274.  It is this action in which this Court denied the injunction against Teva (Ex. 10), and this Court did so without waiting for Helsinn's subsequent petition for a writ of certiorari. This Court also likewise need not wait for the forthcoming opinion of the Supreme Court, which will likely be released in May or June of 2019. ███████████████████████████
███████████████████████████████████████████████████████████

F. App'x 639, 641 (5th Cir. 2018) (noting that "even when the Supreme Court has granted certiorari, we continue to follow our own precedents unless and until the Court says otherwise"); *Berry v. Epps*, 506 F.3d 402, 405 (5th Cir. 2007) (same principle); and *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) (same principle).

### D.   Dr. Reddy's and Sandoz Settled Litigations with Helsinn

This Court ordered production of Helsinn's settlement agreements with Dr. Reddy's and Sandoz (D.I. 61), which has been done.



---

[9] Ex. A corresponds to the exhibits listed in the Supplemental Declaration of Roshan P. Shrestha, Ph.D. ("Supplemental Shrestha Decl.") submitted herewith.

[10]

[11]

[12]







**E.** **The Dismissal Orders Against Dr. Reddy's and Sandoz Enjoined Their Launches Absent Helsinn's Permission,** ████████████████████
████████████

Helsinn's dismissal orders against ████████████████████████████████
████████████████████████████████████████████████████████.

As noted above, Helsinn sued Dr. Reddy's and Sandoz along with Teva in the same complaint in its initial action against the first sponsors of generic ALOXI®, though Dr. Reddy's and Sandoz later settled with Helsinn. As the time of settlement, Sandoz's Consent Judgment and Dismissal Order expressly enjoined Sandoz:

> from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, any generic palonosetron hydrochloride injections (Eq. 0.075 mg base/1.5 mL (Eq. 0.05 mg base/mL) and/or Eq. 0.25 mg base/5 mL (Eq. 0.05 mg base/mL)) that are the subject of ANDA No. 202521 ***except as permitted*** by the Settlement and License Agreement that the Parties have entered into.

Order dated ▮▮▮▮▮▮▮▮ at pp. 3-4 in Civil Action No. 2-11-cv-03962 (D.I. 247) (Ex. 11, the

"Sandoz Order") (emphasis added).  Sandoz's settlement allowed it to launch on September 30,

2018, or earlier under certain circumstances.  Ex. 12, Helsinn Press Release dated January 12,

2015, at p.1.  Such circumstance arose, as Sandoz launched on April 2, 2018 (Ex. 13, Salazar, D.,

"Sandoz Launches Its Aloxi Generic," Drug Store News, Apr. 2, 2018 at p. 2) its product having

the same dosage strength as Sagent's ANDA products, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although Sandoz's FDA approval letter did not

confirm the 180-day exclusivity at that time, there also was no confirmation of forfeiture either.

Ex. 14 (Sandoz's final FDA approval letter). ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮



Dr. Reddy's facts are similar, though with the 180-day exclusivity expressly confirmed.

On ▮▮▮▮▮▮▮ , Helsinn likewise signed a settlement agreement with Dr. Reddy's, later

dismissing their case with Dr. Reddy's enjoined:

> from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, any generic palonosetron hydrochloride injections (Eq. 0.075 mg base/1.5 mL (Eq. 0.05 mg base/mL) and/or Eq. 0.25 mg base/5 mL (Eq. 0.05 mg base/mL)) that are the subject of ANDA No. 201533 ***except as permitted*** by the Settlement and License Agreement that the Parties have entered into.

Ex. 15 at p. 2 (Stipulation of Dismissal entered Oct. 16, 2015 in Civ. A. No. 2-11-cv-03962, D.I.

355) (the "Dr. Reddy's Order") (emphasis added).  Like Sandoz, Dr. Reddy's settlement allowed

it to launch "on September 30, 2018 or earlier under certain circumstances."  Ex. 16 at p. 1,

Helsinn's Press Release dated Oct. 13, 2015. ████████████████████ as Dr. Reddy's launched its generic ALOXI®, in the same dosage strength as Sagent's ANDAs, on or prior to March 26, 2018 (Ex. 7), ███████████████████ Finally, Dr. Reddy's approval letter confirmed the 180-day exclusivity.  Ex. 17 at p. 2 (stating that "Dr. Reddy's is eligible for 180 days of shared generic drug exclusivity for Palonosetron Hydrochloride Injection … 0.25 mg (base)/5 mL").

**F.    Sagent Requested Helsinn to** ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████

On April 4, 2018, Helsinn responded ████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[16] By contacting Helsinn ███████████████████ Sagent acted ███████████████████████████████████ ███████████████████████████

[17] ███████████████████████████████ ███████████████████████████████ ███████████████ Ex. 21.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████      ████████████████████████████████

**G.    Sagent Faces Irreparable Harm** ████   ██████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████ Declaration
of Donald R. Bullock at ¶ 23 ("Bullock Decl.").[18] ████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ *Id.* at ¶ 22.

████████████████████████████████████████████████████

████████████████████████████ *Id.* at ¶ 24.

████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at ¶ 29. ████████

---

[18] References to the "Bullock Declaration" refer to the Declaration of Donald R. Bullock submitted to the Court on May 23, 2018 (D.I. 52-1).



*Id.* ¶ 25. ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████   *Id.* at ¶¶ 25, 29.

Further, only the following five other ANDA sponsors have tentative approval at present and have settled their cases with Helsinn: Aurobindo Pharma Ltd.; Akorn, Inc.; Qilu Pharmaceutical Co., Somerset Therapeutics, LLC, and Fresenius Kabi USA, LLC. As of today, they are the only other ANDA sponsors able to receive final FDA approval at the same time as Sagent, once the 180-day exclusivity expires. *Id.* at ¶ 31. But additional competition is expected in the future, as Helsinn is known to have sued at least fifteen other ANDA sponsors. [19] That

---

[19] Other ANDA defendants sued by Helsinn in this District or Delaware include: Aurobindo Pharma Ltd. (D. Del. 13-688); Ben Venue/Eurohealth (D. Del. 13-1612); Accord Healthcare, Inc. (D. Del. 13-2101); Cipla, Ltd. (D. Del. 14-427); Hospira, Inc. (D. Del. 15-264); Gavis Pharma, LLC (D. N.J. 15-1228); Mylan Inc. (D. Del. 14-709); Par Pharmaceutical Cos. (D. N.J. 15-2078); Qilu Pharma. Co., Ltd. (D. N.J. 15-8132); Emcure Pharma., Inc./Heritage Pharma Labs, Inc. (D. N.J. 15-7015); Akorn, Inc. (D. N.J. 16-173); Ingenus Pharma., LLC (D. N.J. 16-173); Virtus Pharma., LLC (D. N.J. 17-3216), Zydus Pharma. USA, Inc. (D. N.J. 16-4239); Fresenius Kabi. (D. N.J. 15-2077, 15-7015; 15-7378).

means an additional ten other ANDAs (or more) could also receive final approval in the future,

assuming their applications meet FDA requirements. *Id.* ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████ *Id.* at ¶ 32. ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████

## III.    LEGAL STANDARD

### A.    This Court Has Authority to Enforce Settlement Agreement

This Court has the inherent power to enforce settlement agreements.  *See Kelly v. Greer*,

365 F.2d 669, 671 (3d Cir. 1966) (collecting cases).  Indeed, there is a strong public policy favoring

settlement, and requiring parties to honor settlement agreements.  *See Honeywell v. Bubb*, 130 N.J.

Super. 130, 135-36 (App. Div. 1974) ("Embedded in our jurisprudence is the principle that the

settlement of litigation ranks high in our public policy …. Thus, barring fraud or other compelling

circumstances, our courts strongly favor the policy that the settlement of litigation be attained and

agreements thereby reached, be honored."); *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).  Here, the

Sagent Dismissal Order specifically provides that this Court retain jurisdiction over the parties for

the purposes of enforcing the Consent Judgment and Dismissal Order, ████████████████████

████████████████   *See e.g.*, Ex. 4, Civ. A. No. 16-173, D.I. 39 at p. 3;  *Halderman v. Pennhurst*

*State School & Hosp.*, 901 F.2d 311, 317 (3d Cir. 1990).

### B.    State Contract Law Governs the Interpretation of the Settlement Agreement

Settlement agreements are interpreted as binding contracts.  *In re Columbia Gas Sys. Inc.*,

50 F.3d 233, 238 (3d Cir. 1995).  The principles of contract law govern the enforceability and

construction of these agreements, in which the primary object is to give effect to the intention of the parties. *Id*. at 241 (internal citations omitted); *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, Civ. A. No. 07-2762, 2009 WL 3230867, at *2 (D. N.J. Oct. 2, 2009); *Coltec Industries v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002) ("[B]asic contract principles . . . apply to settlement agreements"). Absent clear language in the settlement agreement to resolve a dispute over the proper construction of a contract, a court may go outside the four corners of the contract and consider extrinsic and parol evidence presented by the parties. *In re Columbia,* 50 F.3d 233, 241.

████████████████████████████████████████████████████

████████████████████████████████████████████

### C.      Requirements for Finding an Enforceable Agreement

The party moving for enforcement of a settlement agreement bears the burden of showing the existence of the agreement by a preponderance of the evidence. *Fazio v. Temp. Excellence, Inc.*, Civ. A. No. A-5441-08T3, 2012 WL 300634, at *5 (N.J. Super. Ct. App. Div. Feb. 2, 2012) *citing Amatuzzo v. Kozmiuk, 305 N.J.Super*. 469, 475, 703 A.2d 9 (App.Div.1997). Whether an enforceable settlement exists requires analyzing first, whether the requisite offer, acceptance, and consideration were present; and second, whether an objective reasonable negotiator, in light of all the circumstances, would conclude that the parties intended to be bound by their agreement on the essential terms. *See e.g*., *Thorner v. Sony Computer Entm't Am. LLC*, Civ. A. No. 09-1894 MLC, 2013 WL 1145200, at *5 (D. N.J. Mar. 18, 2013) (internal citations omitted); *Sanofi*, 2009 WL 3230867, at *2. "[J]udicial admissions are good evidence that an agreement ha[s] been made." *Philadelphia Reinsurance Corp. v. Employers Ins. of Wausau*, 61 Fed. Appx. 816, 819 (3d Cir. 2003) quoting *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 862 (3d Cir.1994).

Not only are express agreements provided in this case, the doctrine of ratification provides an independent basis for supporting Sagent's position. "Ratification is the affirmance by a person

of a prior act which did not bind him but which was done … whereby the act … is given effect as if originally authorized by him." *Friedman v. Bank of Am., N.A.,* Civ. A. No. 09-2214 JBS, 2012 WL 1019220, at *6 (D. N.J. Mar. 26, 2012) (citations omitted). To establish ratification, the person must be shown to have (1) an intent to ratify, and (2) full knowledge of all material facts. *In re Dwek,* Civ. A. No. ADV 07-1616 KCF, 2011 WL 843635, at *7 (D. N.J. Mar. 8, 2011). Ratification of an agreement "may be express or implied, and intent may be inferred from the failure to repudiate an unauthorized act, from inaction, or from conduct on the part of the principal which is inconsistent with any other position than intent to adopt the act." *Friedman,* 2012 WL 1019220, at *6; *Valmed Mgmt. Corp. v. Jess Med. Sys.*, Civ. A. No. A-2947-05T1, 2007 WL 148752, at *6 (N.J. Super. Ct. App. Div. Jan. 23, 2007). Importantly, "a ratification, once effected, cannot later be revoked." *Friedman,* 2012 WL 1019220, at *6.

## IV.   ARGUMENT

### A.   ▬▬▬▬▬▬▬ **Dr. Reddy's and Sandoz's Launches of Generic ALOXI®**

Helsinn contends ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 19.   But that conclusion is belied by the following facts.

**First,** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Exs. 15 at p. 2 and 11 at p. 2.   ▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬

18

**Second**, as predicted, ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ ██ ████████

████████████████████████████████████████ ███████████████████

██████████████████████████████████████████████████████████ █

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████.

Under New Jersey law, █████████████████████████████████████

███████████████████████████████████████████████. *Robert &*

*Richard Assocs. v. State*, 495 A.2d 141, 149 (N.J. Super. Ct. App. Div. 1985) ("██████████

██████████████████████████████████████████████████████████");

*Synex Corp. v. ADT Sec. Servs., Inc.*, 928 A.2d 37, 42 (N.J. Super. Ct. App. Div. 2007) (██████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████).

---

[20] █████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████

[21] █████████████████████████████████████████████████████████
p███████████████████████████████████████████

In *Burke v. Donlon*, ███████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████ y.  No. A-3802-15T2, 2017 WL 3443103,

at *5 (N.J. Super. Ct. App. Div. Aug. 11, 2017); *see also*, *Canon Fin. Servs., Inc. v. Linwood City*

*Bd. of Educ.*, No. A-0556-15T3, 2017 WL 2535894, at *2 (N.J. Super. Ct. App. Div. June 12,

2017) (█████████████████████████████████████████████████;

*Nebraskaland, Inc. v. River St. Idealease, LLC*, 188 F. Supp. 3d 390, 397 (D.N.J. 2016) (noting

that █████████████████████████████████████████████████████

███████████).

Here, █████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████   █████████████████████████████

███████████   █████████████████████████████████████████████

█████████████   ████████████████████████████████████████ █████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

Similarly, ███████████████████████████████████████████

███████████████████████████████████   *See e.g.*, Supplemental Shrestha Decl.,

███████████████████. █████████████████████████████████████



█████████████████████████████████████ *Robert*, 495 A.2d at 149; *Synnex*, 928 A.2d at 42.

**Third,** ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ *See, e.g.,*

*Valmed*, 2007 WL 148752, at *6 ███████████████████████

████████████████████████████████████████████

█████████████████; *Friedman,* 2012 WL 1019220, at *6 (same); *see also* ████████

███████████████████████████████; *Wang Labs., Inc. v. Mitsubishi Electronics*

*Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) (███████████████████████████

██████████████████████████████████████████████t

██████████ *Friedman,* 2012 WL 1019220, at *6.

For comparison, shortly before Teva launched its product at-risk, █████████████

███████████████████. ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ Bullock Decl. at ¶ 9-10. ████████████████

█████████████████████████████████████

This is precisely because ████████████████████████████████

████████████████████████████████████████████████████████

████████████

**B.      Dr. Reddy's and Sandoz's Launches** ████████████████

Sagent's "License Effective Date" or its entry date ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ Ex. 17 at p. 2; Ex. 14 at p. 2. ████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ *Valmed*, 2007

WL 148752, at *6.  Therefore, ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

**C.**     **Sagent will Suffer Irreparable Harm** ████████████████████████
████████████████████

    **1.**     ████████████████████████████████████████████

A manufacturer that is prevented from entering the market at the earliest possible date, because a competitor is permitted to capture an early market entry, is at a distinct disadvantage. *See, Mova Pharm. Corp. v. Shalala*, 955 F. Supp. 128, 131(D. D.C. 1997), *aff'd*, 140 F.3d 1060 (D.C. Cir. 1998).  Both of Sagent's ANDAs have tentative approval, ██████████████ ████████████████████████████████ Exs. 1, 2, and 21. ████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████ Sagent moves to enforce its settlement agreement with Helsinn.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████   ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

████████████████████████████████████████████

████████████████████████ *Id*. at ¶ 24. ██████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████ *Id*. at ¶¶ 25, 27-30.

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████ *Id*. at ¶ 31.  At present,

only five other ANDA sponsors have tentative approval and have settled their cases with Helsinn,

███████████████████████████████████████████████████████

███████████████████████ But because Helsinn has sued at least fifteen other ANDA

sponsors, then as many as ten other ANDAs (or more) could also receive final approval in the

future.  ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████

### 2.    The Sagent Settlement Includes ██████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

## V.    CONCLUSION

For the reasons detailed above, Sagent respectfully moves this Court to enforce its

settlement agreement with Helsinn ████████████████████████████

████████████████████

Dated: June 26, 2018

s/ Melissa E. Flax
Melissa E. Flax, Esq.
Michael Cross, Esq.
CARELLA BYRNE CECCHI OLSTEIN BRODY
& AGNELLO, PC
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700
mflax@carellabyrne.com
mcross@carellabyrne.com


*Of Counsel*
Stephen R. Auten, Esq.
Brian P. Murray, Esq.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Dr., Suite 2800
Chicago, IL 60601
312-527-4000
sauten@taftlaw.com
bmuarry@taftlaw.com

*Attorneys for Defendant*
*Sagent Pharmaceuticals, Inc.*

26